1
2
3
4
5
6
7

**Todd M. Friedman (216752)**
**Suren N. Weerasuriya (278521)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**324 S. Beverly Dr. #725**
**Beverly Hills, CA 90212**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@attorneysforconsumers.com**
**sweerasuriya@attorneysforconsumers.com**
**abacon@attorneysforconsumers.com**
*Attorneys for Plaintiffss*

8
9

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20

| | |
|---|---|
| ALFRED ZAKLIT AND JESSY ZAKLIT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>        vs.<br><br>NATIONSTAR MORTGAGE LLC and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>  **(1) CALIFORNIA PENAL CODE § 632**<br>  **(2) CALIFORNIA PENAL CODE § 632.7**<br><br>**DEMAND FOR JURY TRIAL** |

21
22
23
24

    Plaintiffs, ALFRED ZAKLIT AND JESSY ZAKLIT ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following upon information and belief based upon personal knowledge:

### NATURE OF THE CASE

25
26
27
28

    1.    This is a class action brought on behalf of all individuals in California whose telephone conversations with Defendant, NATIONSTAR MORTGAGE LLC ("Defendant" or "NATIONSTAR") were recorded by NATIONSTAR without their knowledge or consent.

2.     ALFRED ZAKLIT AND JESSY ZAKLIT ("Plaintiffs") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of NATIONSTAR and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain eavesdropping, recording and listening equipment in order to record, monitor or listen to the telephone conversations of Plaintiffs without the knowledge or consent of Plaintiffs, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiffs' privacy.

3.     California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other.  Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed.  The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person.  Plaintiffs allege that Defendant violated and continues to violate Penal Code § 632 by impermissibly recording, monitoring, and/or eavesdropping upon its telephone conversations with California residents.

4.  California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone.  Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential.  Plaintiff alleges that Defendants continue to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiffs, residents

of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in Delaware state.  Plaintiffs also seeks up to $5,000.00 in damages for each call in violation of the Penal Code § 632, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5.      Venue is proper in the United States District Court for the CENTRAL District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiffs reside within the county of Riverside.

## PARTIES

6.      Plaintiff, ALFRED ZAKLIT is a natural person residing in Riverside County in the State of California.

7.      Plaintiff, JESSY ZAKLIT is a natural person residing in Riverside County in the State of California.

8.      Defendant, NATIONSTAR MORTGAGE LLC ("Defendant" or "NATIONSTAR") is a leading provider of home mortgages.

9.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.      Plaintiffs is informed and believes that at all relevant times, each and every Defendant were acting as an agent and/or employee of each of the other Defendants and were acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiffs is informed and believes that each of

the acts and/or omissions complained of herein were made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

11.     Beginning in or around October of 2014, Defendant began contacting Plaintiffs by telephone in an attempt to collect an alleged debt owed.  During this time, Plaintiffs had had at least one (1) telephone communication with certain employees, officers and/or agents of Defendant.  Plaintiffs are informed and believe, and thereon allege, that Defendant first obtains highly personal and confidential information from California consumers prior to warning that the telephonic communication is being monitored, recorded and/or eavesdropped upon by Defendant.

12.     Specifically, on or about October 27, 2014, Defendant contacted Plaintiff Jessy Zaklit on her phone number, (951) 244-7055. After speaking with Defendant for a period of time, including providing Defendant with Plaintiffs' name and current residential address zip code, Defendant informed Plaintiffs for the first time that Defendant were recording the conversation.

13.     In addition, on or about November 26, 2014, Plaintiff Alfred Zaklit contacted Defendant in order to inquire into the status of an application for a loan modification. Again, after speaking with Defendant for a period of time, including providing Defendant with Plaintiffs' name and social security number, Defendant informed Plaintiffs for the first time that Defendant were recording the conversation.

14.     On information and belief, Plaintiffs allege that on numerous other occasions, their calls were recorded by defendant without consent.

15.     On information and belief, Defendant relies on its representative agents and their use of scripts to advise consumers that they are being recorded.  However, these scripts instruct representatives to carry on a discussion with the consumer in advance of providing any advisory, including requesting confidential information from consumers such as information

about their alleged debt, and personal information such as name, address, date of birth and social security numbers.

16.    At no time did Plaintiff ever provide actual or constructive consent to Defendants to record the outset of these telephone calls.

17.    The contents of the call/s between Defendants and Plaintiff that were recorded by Defendants were confidential in nature due to the fact that private financial and personal information and the status of a legal matter between the Parties was discussed.

18.    At no point did Plaintiff have a reasonable expectation that any of the calls with Defendants, that were initiated by Defendants, were being recorded especially because such private and sensitive subjects, including but not limited to Plaintiff's alleged debt, were discussed.

19.    It is Defendants' pattern and practice to record incoming and outgoing calls made to or by California residents.  The calls are about individuals' finances and debt. Defendants do not inform, or warn, the California residents, including Plaintiff, that the telephone calls may be or will be recorded.  Plaintiff was initially unaware that the phone calls between himself and Defendants in California were recorded.  There was no pre-call recorded message.  The Defendants' representatives only informed Plaintiff that the calls were being recorded after Defendant had done so.

20.    Plaintiff did not learn that Defendants recorded the phone call between Plaintiff and Defendants until after the event occurred.

21.    Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendants were recording the phone calls between Plaintiff and members of the California Class and Defendants without their knowledge or consent.

22.    Defendants concealed from Plaintiff and members of the California Class that it was recording the telephone calls between itself on the one hand and Plaintiff or other members of the California Class on the other hand.

23.     Defendants concealed the fact that it was recording the afore-mentioned phone calls to create the false impression in the minds of Plaintiff and members of the California Class that they were not being recorded.  At the outset of the phone calls there was no warning that the phone calls were, or even may, be recorded.  Such warnings are ubiquitous today.

24.     Plaintiff was justified in not bringing the claim earlier based on Defendants' failure to inform Plaintiff and other members of The Class that the phone calls were being recorded.

## CLASS ALLEGATIONS

25.     Plaintiffs bring this action individually and on behalf of all others similarly situated ("The Class").

26.     Plaintiffs represent, and are a member of, "The Class" defined as follows: All persons in California whose inbound and outbound telephone conversations were recorded without their consent by Defendants or its agent/s within the one year prior to the filing of this action.

27.     Defendant, and its employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe this number to be in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

28.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiffs reserve the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29.     The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

30.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

a.  Whether Defendant has a policy of recording, and/or eavesdropping upon and/or monitoring incoming and/or outgoing calls;

b.  Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded, eavesdropped upon and/or monitored;

c.  Whether Defendant's policy of recording, eavesdropping upon and/or monitoring incoming and/or outgoing calls constituted a violation of California Penal Code §§ 632(a) and/or 632.7;

d.  Whether Plaintiffs and The Class were damaged thereby, and the extent of damages for such violations; and

e.  Whether Defendants should be enjoined from engaging in such conduct in the future.

31.     Plaintiffs are asserting claims that are typical of The Class because every other member of The Class, like Plaintiffs, were exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

32.     Plaintiffs will fairly and adequately represent and protect the interests of The Class in that Plaintiffs have no interest adverse to any member of The Class.  Plaintiffs have retained counsel experienced in handling class action claims.

33.     Plaintiffs and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, The Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.

Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

34.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with California law.  The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action are minimal.   Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

35.     Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF PENAL CODE § 632

36.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party.  Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call were recorded.  The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the recording.

38.     Plaintiffs are informed and believe, and thereupon allege, that Defendant employed and/or caused to be employed certain eavesdropping, recording, and listening equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

39.     Plaintiffs are informed and believe, and thereupon allege, that all these devises were maintained and utilized to overhear, record, and listen to each and every incoming and outgoing telephone conversation over said telephone lines.

40.     This listening, recording, and/or eavesdropping equipment were used to record, monitor, or listen to the telephone conversations of Plaintiffs and the members of The Class, all in violation of California Penal Code § 632.6(a).

41.     At no time during which these telephone conversations took place between Plaintiffs or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiffs or any other member of The Class that the interceptions, eavesdropping, listening, and recording of their telephone conversations were taking place and at no time did Plaintiffs or any other member of The Class consent to this activity.

42.     Defendant, knowing that this conduct was unlawful and a violation of Plaintiffs and the members of The Class' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiffs and the members of The Class' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned intercepting, eavesdropping, listening, and recording activities relative to the telephone conversations between Plaintiffs and The Class members, on the one hand, and Defendant on the other hand, as alleged herein above.

43.     Based on the foregoing, Plaintiffs and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully requests the Court grant Plaintiffs and The Class members the following relief against Defendant:

A.     That this action be certified as a class action on behalf of The Class and Plaintiffs be appointed as the representative of The Class;

B.     For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiffs and each member of The Class;

C.     That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiffs and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiffs and The Class;

D.     For general damages according to proof;

E.     For special damages according to proof;

F.     For exemplary or punitive damages;

G.     For costs of suit;

H.     For prejudgment interest at the legal rate; and

I.     For such further relief as this Court deems necessary, just, and proper.

## SECOND CAUSE OF ACTION

## INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

44.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as stated herein.

45.     Californians have a constitutional right to privacy.  Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632.  "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the

1    recording of telephone conversations without the knowledge or consent of all parties to the

2    conversation.

3        46.    California Penal Code § 632.7 prohibits in pertinent part "[e]very person who,

4    without the consent of all parties to a communication…intentionally records, or assists in

5    the…intentional recordation of, a communication transmitted between…a cellular radio

6    telephone and a landline telephone."  Thus, on its face, California Penal Code § 632.7

7    precludes the recording of all communications involving a cellular telephone.

8        47.    Though similar, California Penal Code § 632 and 632.7 are not duplicative and

9    protect separate rights.  California Penal Code § 632.7 grants a wider range of protection to

10   conversations where one participant uses a cellular phone or cordless phone.  For example, the

11   "confidential communication" requirement of California Penal Code § 632 is absent from

12   California Penal Code § 632.7.

13       48.    Defendants caused to be employed certain recording equipment on the telephone

14   lines of all employees, officers, directors, and managers of Defendants.

15       49.    Plaintiff is informed and believes, and thereupon alleges, that all these devises

16   were maintained and utilized to record each and every outgoing telephone conversation over

17   said telephone lines.

18       50.    Said recording equipment was used to record the telephone conversations of

19   Plaintiff and the members of the Class utilizing cellular telephones, all in violation of

20   California Penal Code § 632.7.

21       51.    Based on the foregoing, Plaintiff and the members of the Class are entitled to,

22   and below herein do pray for, their statutory remedies and damages, including but not limited

23   to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

24       52.    Because this case is brought for the purposes of enforcing important rights

25   affecting the public interest, Plaintiffs and the Class seek recovery of their attorney's fees

26   pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5,

27   or any other statutory basis.

28   ///

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully requests the Court grant Plaintiffs and The Class members the following relief against Defendant

A.      That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

B.      For statutory damages of $5,000 per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the Class;

C.      For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of the Class;

D.      Injunctive relief in the form of an order prohibiting Defendants from unilaterally recording telephone conversations, without first informing and receiving consent from the other party to the conversation.

E.      That the Court preliminarily and permanently enjoin Defendants from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and the Class, without their prior consent, as required by California Penal Code § 630, et seq., and to maintain the confidentiality of the information of Plaintiff and the Class.

F.      For general damages according to proof;

G.      For costs of suit;

H.      For prejudgment interest at the legal rate;

I.      For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5; and,

J.      For such further relief as this Court deems necessary, just, and proper.

///
///
///
///
///

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury of each and every claim so triable.

Respectfully submitted,

Dated:  October 23, 2015          **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**


**s/    Todd M. Friedman**
Todd M. Friedman
Attorneys for Plaintiffs