Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ZAKLIT AND JESSY ZAKLIT, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONSTAR MORTGAGE LLC and DOES 1 through 10, inclusive, and each of them, <br><br> Defendants | Case No.:  5:15-cv-02190-CAS-KK <br><br> **JOINT 26(F) REPORT** <br><br> **(F.R.C.P. 23 AND L.R. 23-3)** |

Pursuant to Rule 26(f) and the Court's Order Setting Scheduling Conference,

Plaintiffs, Jessy Zaklit and Alfred Zaklit ("Plaintiffs") and Defendant,

NATIONSTAR MORTGAGE LLC ("Defendant"), hereby submit their Joint Rule

26(f) Conference Report after having met and conferred on the issues contemplated

in Rule 26(f) and the Court's Order.

### a.    **Statement of the Case**

This is a putative national class action in which Plaintiffs claim Defendant

violated California Penal Code § 632, which prohibits one party to a telephone call

from intentionally recording the conversation without the knowledge or consent of the other.  Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person.  Plaintiffs allege that Defendant violated and continues to violate Penal Code § 632 by impermissibly recording, monitoring, and/or eavesdropping upon its telephone conversations with California residents.

California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone.  Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential.  Plaintiff alleges that Defendants continue to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

Defendant:

Plaintiffs allege that Defendant violated Penal Code §§ 632 and 632.7 by recording conversations with its customers without their consent.  Defendant denies that it violated Penal Code §632 and 632.7.  Defendant further denies that Plaintiffs' claims are suitable for class treatment.

### b.    <u>**Subject Matter Jurisdiction**</u>

Plaintiffs allege the Court has jurisdiction under 28 U.S.C. § 1332(d), the Class Action Fairness Act.

### c.      Legal Issues

Plaintiffs: Legal issues include: a) whether the calls to Plaintiff and putative class members were recorded in violation of California Penal code statutes, without the parties' consent.

Defendant:  Legal issues include (1) whether or not Nationstar recorded its telephone conversations with Plaintiffs without their consent; and (2) whether or not Plaintiffs' claims are suitable for class certification.  Defendant contends that class certification is not appropriate in this case as individualized issues will predominate, such as whether or not Nationstar informed each individual customer that his or her telephone calls may be recorded, whether or not Nationstar obtained consent from individual borrowers to record their telephone conversations with Nationstar, whether or not any borrower had a reasonable expectation of privacy at the time of recording, and whether or not it is possible to determine if a call was made to or from a cellular phone or landline.

### d.      Parties, Evidence, etc.:

Plaintiffs: Parties include Plaintiffs Jessy Zaklit and Alfred Zaklit and Defendant Nationstar Mortgage LLC.  Percipient witnesses include Plaintiffs and Defendant's corporate representative(s).   Key documents include: Defendant's records relating to Plaintiff's accounts and calls to Plaintiff; Defendant's manuals and policies regarding telephonic communication with Plaintiff and other clients; Plaintiff's records concerning their communications with Defendant and alleged

damages.

Defendants:

1. *Witnesses:* Defendant identifies the following witnesses with relevant knowledge: (1) person most knowledgeable at Nationstar to testify about Defendant's policies and procedures for informing borrowers that their calls with Nationstar may be recorded and obtaining consent for the recording of such calls; (2) Plaintiffs; and (3) other witnesses that may become relevant as discovery progresses.

2. *Documents*: Defendant intends to on rely upon Plaintiffs' account documents and loan file, Defendant's policies and procedures relating to informing borrowers that their calls with Nationstar may be recorded; Defendant's policies and procedures for obtaining consent for the recording of such calls; and other documents that may become relevant as discovery proceeds.

### e.   **Damages**

Plaintiffs: Plaintiff seeks, on behalf of himself and the putative class, statutory damages of statutory damages of $5,000 per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the Class; for $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of the Class;  for attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5; and for injunctive relief.

Defendant:  Defendant is not claiming any damages at this time.  Defendant denies that Plaintiffs are entitled to any damages.

### f.   **Insurance**

Neither party is aware of any insurance policy that would be applicable to

this matter at this time.

**g.      Motions**

Plaintiffs: Plaintiff does not anticipate any motions to add claims or parties, amend the pleadings or transfer venue. Defendant:  Defendant may consider filing a motion for summary judgment in response to Plaintiffs' claims depending on the information obtained through discovery.

**h.      Manual for Complex Litigation**

Plaintiffs:   Procedures relating to management of class actions may be applicable.

Defendant:   Defendant contends that reference to the Manual Complex Litigation may be appropriate in this case because Plaintiffs have alleged their claims on behalf of themselves and a state-wide class.

**i.      Status of Discovery**

Neither party has commenced discovery in this action.

**j.      Discovery Plan**

**i.      Initial Disclosures And Changes In Timing Or Form [FRCP 26(f)(3)(A)]**

The Parties do not contemplate that any changes will be necessary at this time regarding the timing, form, or requirement for disclosures under FRCP 26(a) or the local rules.

**ii.      Subjects Of Discovery [FRCP 26 (f)(3)(B)]**

**Plaintiff:**

Plaintiff's written discovery will consist of interrogatories, requests for production, and requests for admissions.  Plaintiff needs discovery on the following subjects: Defendant's policies and procedures for contacting debtors in regards to time-barred debts, including debt collection letters; Defendant's policies and procedures on recording telephone calls; any recordings of any calls with Plaintiff and putative class members.  Plaintiff also intends to depose the Defendant's PMK.

**Defendant:**

Defendant contends that discovery at this time should be limited to only the claims of the named class representatives and issues related to whether the case can be certified.  Defendant objects to the production of any information, including ESI, regarding the claims of unnamed class members at any time prior to certification. The records needed to identify whether or not each individual putative class member was notified that his or her calls with Nationstar may be recorded and to determine whether or not he or she consented to the recording include all origination materials, demographic information, and account notes for all relevant accounts. This is highly confidential financial information regarding consumers that is maintained by Defendant under strict security protocols.  The needs of this case do not justify such an intrusive production and the fact that an individual review of consumer records is necessary to ascertain class membership underscores the inappropriateness of Plaintiffs' class definition.  Consistent with the overwhelming

weight of federal practice – and the federal complex litigation manual's edict on the issue[1] – class merits discovery should be bifurcated in this case.   Defendant proposes that discovery be phased in the following manner:

Phase One: Fact discovery as to the merits of the named Plaintiffs' claims and class certification discovery on the factors set forth in Rules 23(a)(1), 23(a)(2), 23(a)(3), 23(a)(4), 23(b)(2), 23(b)(3), 23(c)(4).

Phase Two:  Additional discovery regarding the claims of individual class members.   Phase Two includes: i) information regarding the names of class members; ii) information regarding disclosures given to each individual customer relating to the recording of their calls with Nationstar and; iii) the specific documents that Defendant may contend reflect the borrowers' prior consent to have their telephone calls with Nationstar recorded. Phase One includes everything else, including: i) Defendant's policies and procedures; (ii) evidence regarding Plaintiffs' individual claims, etc.   Defendant contends that the parties should enter an agreement to use only Phase One discovery in connection with Plaintiff's motion for class certification.

### iii.   Electronically   Stored   Information   ("ESI")   [FRCP 26(f)(3)(C)]

---

[1]   The Federal Manual for Complex Litigation establishes a plain preference for bifurcation, recognizing: "[d]iscovery relevant only to the merits delays the certification decision and may ultimately be unnecessary."  (Fed. Judicial Center, Manual for Complex Litig. – 4th ed. (2011) § 21.14.)  Indeed, in "cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden."  (Ibid.)

The parties will meet and confer with plaintiffs to the extent any issues arise regarding ESI. Defendant does not believe that email searches are appropriate given the allegations in this case and in light of defendant's suggested phasing of discovery as outlined above. Defendant will meet and confer with plaintiffs to the extent any issues arise regarding ESI.

### iv.    Privilege or Protective Orders [FRCP 26(f)(3)(D)]

Defendant reserves the right to seek entry of a protective order under Fed. R. Civ. P. 26(c).

### v.    Limitations on Discovery [FRCP 26(f)(3)(E)]

The Parties agree that the standard limitations in the federal and local rules should govern discovery in this case.

### vi.    Any Other Orders [FRCP 26(f)(3)(F)]

The Parties do not contemplate other orders at this time.

### k.    <u>Discovery Cut-off</u>

The parties propose a non-expert discovery cut-off date of November 4, 2016.

### l.    <u>Expert Discovery</u>

Plaintiffs:  Plaintiffs propose July 15, 2016 as the initial expert disclosure deadline, August 15, 2016 as the rebuttal expert disclosure deadline, and November 1, 2016 as the expert discovery cut-off date.

Defendant:  Defendant proposes that the deadline to disclose initial expert

witnesses be set for one month after Plaintiffs' motion for class certification is adjudicated.   Defendant proposes that the deadline to disclose rebuttal expert witnesses be set for two months after Plaintiffs' motion for class certification is adjudicated.

**m.**     **Dispositive Motions**

Plaintiffs: At this time, Plaintiffs do not anticipate filing any dispositive motions but reserve the right to do so if discovery reveals the basis for such a motion.

Defendant:  Defendant may file a motion for summary judgment on the claims alleged in the Complaint, but such motion would be filed only after the question of class certification is determined.   Under the rule against one-way intervention, plaintiffs may not file a dispositive motion over defendant's objection until a ruling on class certification is made and, if a is certified, notice is mailed and the deadline to request exclusion expires.   Therefore, defendant proposes that the court defer setting any deadline to file dispositive motions until after the court determines whether or not to certify a class in the action.

**m.**     **Settlement/Alternative Dispute Resolution**

The parties are amenable to engaging in private mediation.

**o.**     **Trial Estimate**

Plaintiffs estimate a trial of 3-4 days.  Plaintiffs request a jury trial.

Defendant believe it is premature at this stage to estimate the length of trial

until the court determines whether or not to certify a class in this case.  Defendant requests that the court postpone setting a trial date until after ruling on plaintiffs' motion for class certification.  If the court is inclined to set a trial date at this time, defendant estimates trial would take 10 days at a minimum if a class were certified.

**p.**  **Trial Counsel**

Plaintiff will be represented by Todd M. Friedman at trial. Defendant will be represented by Severson & Werson at trial.

**q.**  **Independent Expert or Master**

The parties do not anticipate the need for appointment of an independent expert or master in this matter.

**r.**  **Deadline to Add Additional Parties**

Neither party anticipates adding any additional parties at this time.  The parties propose a deadline of March 31, 2016 for joinder of additional parties.

**18.**  **Other Issues – Class Certification Motion**

Plaintiff requests that this Court set the deadline for Plaintiffs to file their Class Certification motion at this scheduling conference. Plaintiff proposes October 17, 2016 as a deadline to do so.

Dated: February 18, 2016                    Respectfully submitted,

                                LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                                        By: ____s/Todd M. Friedman
                                        Todd M. Friedman, Esq.
                                        Attorney for Plaintiff




                                        SEVERSON & WERSON

                                        By__/s/ Mary Kate Kamka_____
                                              Mary Kate Kamka
                                              Attorneys for Defendant

## <u>SIGNATURE CERTIFICATION</u>

Pursuant to Section 2(f)(4) of the Electronic Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendants, and that I have obtained his/her authorization to affix his/her electronic signature to this document.

Dated: February 18, 2016                    Respectfully submitted,

Law Offices of Todd M. Friedman, P.C.

By: <u>s/Todd M. Friedman</u>
    Todd M. Friedman, Esq.
    Attorney for Plaintiff