UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 15-2190-CAS (KKx)** | Date: | June 10, 2016 |
| Title: | ***Alfred Zaklit, et al. v. Nationstar Mortgage LLC*** | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order re: Stipulated Protective Order [Dkt. 20]


   The parties' proposed Stipulation and Protective Order has been referred by the District Judge to the Magistrate Judge for consideration. The parties are advised that the Court declines to issue the proposed protective order to which they have stipulated for the following reasons:

   1.   Proposed ¶ 6 must be revised make clear that any motion challenging a party's designation of material as Confidential Information or seeking to retain confidentiality must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

   2.   Proposed ¶ 7.2 must be revised to make clear that the terms of the Protective Order do not apply to the Court and court personnel, including the Court's court reporters, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal. Nor should the terms of the Protective Order prohibit disclosure to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

   3.   Proposed ¶¶ 1 and 12.3 need to be revised to make clear a Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. The Court notes Local Rule 79 was revised effective December 1, 2015. The Court directs the parties to review the revised rules. Protected Material may only be filed under seal pursuant to a court order

authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

      4.      Proposed ¶ 11 needs to be revised to make clear that no disclosure, production, or exchange of documents or information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding *provided that the requirements of Fed. R. Evid. 502(b), subsections (1), (2), and (3) are met*.

      The parties are further directed to the Court's sample stipulated protective order located on the Court's website for a sample of the format of an approved stipulated protective order.  The parties are strongly encouraged to use the language contained in the approved stipulated protective order.

cc:    District Judge Christina A. Snyder