JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
ERIK KEMP (State Bar No. 246196)
ek@severson.com
LASZLO LADI (State Bar No. 265564)
ll@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ZAKLIT AND JESSY ZAKLIT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. 5:15-CV-02190-CAS-KK<br><br>**NATIONSTAR MORTGAGE LLC'S RESPONSE TO MOTION FOR APPROVAL OF CLASS NOTICE**<br><br>Date: March 12, 2018<br>Time: 10:00 a.m.<br>Ctrm.: 8D<br>Judge: Hon. Christina A. Snyder<br><br>Action Filed: October 23, 2015 |

Defendant Nationstar Mortgage LLC has no opposition to plaintiffs Alfred and Jessy Zaklit's motion for approval of class notice to the extent it seek approval of the form and content of the notice. As ordered by the Court, the parties met and conferred regarding the form of the notices and agreed on their terms.

However, Nationstar does oppose the motion to the extent it seeks an order requiring Nationstar to produce a class list. Having proposed their class definition for the first time in their reply brief in support of the motion for class certification, plaintiffs have not conducted sufficient discovery to ascertain persons who fall within that class. Because the information that plaintiffs have uncovered in

80001.0038/11081397.2

discovery thus far is overbroad and does not match the class definition, they ask the Court to order Nationstar "to produce, within a reasonable time frame, tailored data for the phone calls that fit within the class definition …." *See* Dkt. no. 83-1 at 6; *see also* Dkt. no. 83-4. Awarding that relief on this motion would be improper for at least three reasons.

First, plaintiffs never met and conferred about the issue in violation of Local Rule 7-3. Not once during the parties' discussions about this motion did plaintiffs ever say they would also be seeking an order requiring Nationstar to produce a class list. Plaintiffs' failure to meet and confer on this issue is in itself sufficient reason to deny the motion to the extent it seeks production of a class list. *See, e.g., Walter v. W. Indus. Inc.*, No. SACV1301503JLSANX, 2015 WL 12683787, at *1 (C.D. Cal. Feb. 25, 2015); *Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, No. CV 09-2140PSGJCX, 2009 WL 3346784, at *4 (C.D. Cal. Oct. 13, 2009)

Second, plaintiffs cite no authority requiring the production of a class list on this motion. Plaintiffs' motion is based on Fed. R. Civ. P. 23(c), but nothing in that rule addresses identification of class members or requires the production of a class list. Plaintiffs cite no other authority permitting the relief they seek. Instead, the rules leave identification of class members, like all factual issues, to be resolved through discovery and investigation.

Third, plaintiffs advance no reason why this issue cannot be addressed through discovery and investigation. As plaintiffs acknowledge, *see* Dkt. no. 83-1 at 6, n. 1, they have recently served discovery asking Nationstar to identify class members. Nationstar intends to respond to the discovery in good faith, but there are certain elements of plaintiffs' class definition that cannot be identified from its records. Accordingly, while Nationstar intends to provide plaintiffs with a list of borrowers based on the information it can glean from its records, that list will necessarily be overbroad and not reflect the actual class list.

For example, the class definition is limited to borrowers who received

outbound calls from Nationstar "while physically present in California and using a cellular device …" *See* Dkt. no. 74 at 24.  Nationstar has no way of knowing where any borrower was located when an outbound call to a cellular phone was placed.  While Nationstar may have residential addresses for some borrowers, proof of address is not proof of location, as the Ninth Circuit recently confirmed in a similar call recording case.  *See Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1122 (9th Cir. 2017) (holding call recipients' addresses were insufficient to prove they were "located in" California when calls were made).

      Though Nationstar has no way of determining where any borrower was located when a call was made, plaintiffs have represented that they have a solution.  Their expert, Gerald Borlin, has opined "upon obtaining cell site location information for the cell phone calls at issue" from cell phone carriers, he could determine whether a call was received in California.  *See* Dkt. no. 35-3 [Borlin Decl., ¶¶ 25-26].  Thus, according to plaintiffs' representations, they should be able to take the overbroad list Nationstar ultimately produces and identify which borrowers were physically present in California when calls to their cellular phones were placed.

      It is premature for the Court to issue a blanket order requiring Nationstar to identify class members on this motion, before the parties' discovery and investigation on the issue is complete.  Nationstar has not yet served its responses to plaintiffs' discovery.  Plaintiffs' expert has not yet attempted to determine borrowers' locations from cellular tower data.  Any disputes about the extent to which class members can be identified from Nationstar's records should be resolved on a more complete record and after the parties have exhausted all efforts to resolve the matter informally.

      For the reasons stated, Nationstar does not oppose plaintiffs' motion to the extent it seeks the Court's approval of the form and content of the class notice.  But to the extent that plaintiffs seek an order requiring Nationstar to identify class

members, the motion should be denied.

DATED:  February 16, 2018

SEVERSON & WERSON
A Professional Corporation

By: ___*/s/ Erik Kemp*___
Erik Kemp

Attorneys for Defendant NATIONSTAR MORTGAGE LLC