1

2

3

4

5

6

7

8

# UNITED STATE DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

9

10

11

ALFRED ZAKLIT AND JESSY ZAKLIT, individually and on behalf of all others similarly situated,

12

Plaintiffs,

13

vs.

14

NATIONSTAR MORTGAGE LLC and DOES 1 through 10, inclusive, and each of them,

15

16

Defendants.

17

18

19

**Case No** 5:15-CV-02190-CAS-KKx

**CLASS ACTION**

[~~PROPOSED~~] **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Assigned to the Hon. Christina  A. Snyder

**DATE:**          **FEBRUARY 25, 2019**
**TIME:**          **8:30 A.M.**
**COURTROOM: 5A**

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER

Plaintiff's Motion for Preliminary Approval of a Class Action Settlement and Certification of a Settlement Class came on for hearing on February 25, 2019 at 8:30 a.m. before this Court. The Court, having considered the Motion and the Parties' proposed settlement, grants Plaintiff's Motion as follows:

1.      The Court has reviewed the terms of the Parties' Settlement Agreement and Release (the "Settlement") and preliminarily finds that the Settlement appears sufficiently fair, reasonable, and adequate to warrant dissemination of class notice of the proposed settlement and scheduling a formal fairness hearing.  The Court finds that the Settlement contains no obvious deficiencies and that the Parties entered into the settlement in good faith, following arm's length negotiations between their respective counsel.  The Court adopts the definitions set forth in the Settlement and all defined words or phrases used in this Order shall have the same meaning as in the Settlement.

2.      The Court certifies the following class for settlement purposes only pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> *"All individuals who, from October 23, 2014 to May 1, 2016, while physically present in California and using a cellular device with a California area code, participated for the first time in an outbound telephone conversation with a representative of Defendant or its agent who were recording the conversation without first informing the individual that the conversation was being recorded. "*

Membership in the Settlement Class consists exclusively of individuals included on the list to be provided by Defendants to the Settlement Administrator, as set forth in the Agreement.

Excluded from the Settlement Class is Defendants and their subsidiaries and affiliates, employees, officers, directors, agents and representatives and its family members; Class Counsel; all judicial officers who have presided over the Lawsuit;

1   and all persons who timely elect to become Opt-Outs from the Settlement Class in

2   accordance with this Order.

3       3.      The Court finds that, for the purpose of settlement only, the requirements

4   of Rule 23 of the Federal Rules of Civil Procedure are met by the class.  Joinder of all

5   class members in a single proceeding would be impracticable, if not impossible,

6   because of their numbers and dispersion.  Common issues exist among class members

7   and predominate over questions affecting individual class members.  Plaintiff's

8   claims are typical of those of the Settlement Class Members.  Plaintiff and her counsel

9   will fairly and adequately protect the interests of the Settlement Class.  Plaintiff has

10  no interest antagonistic to those of the Settlement Class and has retained counsel

11  experienced and competent to prosecute this matter on behalf of the class.  Finally, a

12  class settlement is superior to other available methods for a fair resolution of the

13  controversy.

14      4.      The Court preliminarily finds that the requirements of Rule 23(e)(2)

15  of the Federal Rules of Civil Procedure are satisfied with request to the proposed

16  settlement.   The Class representatives and class counsel have adequately

17  represented the class, as demonstrated by their efforts in certifying the class by

18  contested motion after significant formal discovery and motion practice.  The Court

19  found that these requirements were satisfied in its July 24, 2017 Order granting

20  Plaintiffs' motion for class certification.  Dkt. No. 74.  Based on the record before

21  the Court, The Court is persuaded that these requirements continue to be satisfied.

22  Further, the proposed settlement was negotiated at arm's length, with the assistance

23  of experienced mediator Hon. Louis M. Meisinger (ret.), and over the course of

24  several months of subsequent negotiations, conducted with the oversight and

25  assistance of Judge Meisinger.  The Court further finds that the relief provided to

26  the class is adequate, fair and reasonable taking into account the costs, risks and

27  delay of trial and appeal.   Defendant articulated several bases upon which it

28  planned to mount a vigorous defense, including contesting plaintiffs' claims at trial

    and filing potential appeals.   Plaintiffs and Class Counsel adequately and

appropriately considered these risks in negotiating a settlement. Additionally, the method of distributing relief to the class, by giving direct notice by mail, and creating a pro rata distribution of a common fund without reversion, is a method of distribution and settlement that is commonly accepted by courts, including by This Court, as satisfying the requirements of Rule 23(e)(2). The terms of the proposed award of attorney's fees are fair and preliminarily determined to be fair and reasonable, given the length of time in litigation, and the results achieved. The timing of payment is fair because fees and costs will be paid out of a common fund, at the same time as the remainder of the class members. Finally, the proposed settlement puts all class members on equal footing, which is appropriate under the facts of this case, which involves the same statutory damages awarded to each class member. Accordingly, the Court preliminarily finds that the requirements of Rule 23(e)(2) are satisfied.

5. For purposes of settlement, the Court appoints Named Plaintiffs Alfred and Jessy Zaklit to serve as class representatives. Further, pursuant to Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints Todd M. Friedman and Adrian R. Bacon of The Law Office of Todd M. Friedman, P.C. to serve as Class Counsel.

6. Pursuant to Rule 23(c)(2)(B) and Rule 23(e) of the Federal Rules of Civil Procedure, the Court orders that the Settlement Class be given notice of the pendency of this action and the Parties' proposed Settlement. The Court finds that the Class Notice dissemination procedure set forth in Section 9 of the Settlement (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Lawsuit and of their right to object or to exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements as set forth by law. Thus, the Court adopts and incorporates the Class Notice dissemination procedures set forth in Section 9 of the Settlement into this Order.

7.     The Court approves the Class Notice, Long Form Class Notice, Publication Notice and Opt-Out Form, which are attached as Exhibits A, B, and C to the Agreement.  The Court also approves the creation of a Settlement Website by the Settlement Administrator.

8.     The Court appoints Epiq Systems, Inc. as Claims Administrator to disseminate notice to the Settlement Class and administer the settlement.  The Court orders Epiq Systems, Inc. to: (i) create the Settlement Website; (ii) complete dissemination of the Class Notice to the Settlement Class by 30 days after preliminary approval; (iii) file proof of the dissemination of the Class Notice to the Settlement Class at least fourteen (14) days before the Final Approval Hearing; (iv) establish a post office box in Epiq Systems, Inc.'s name to be used for receiving opt-out requests, objections, notices of intention to appear, and any other communications from Settlement Class Members; (v) promptly furnish Class Counsel, Defense Counsel, and Defendants with copies of any and all opt-out requests, objections, notices of intention to appear, or other communications from Settlement Class Members that come into its possession; and (vi) provide the Opt-Out List to Class Counsel and Defense Counsel no later than seven (7) days after the opt-out period and file a declaration with the Court at least fourteen (14) days before the Final Approval Hearing attesting to the completeness and accuracy thereof.

9.     The Court orders the Settlement Administrator to provide a list of objectors to Class Counsel and Defense Counsel no later than seven (7) days after the completion of the one hundred and thirty (130) day period in which Settlement Class Members may object to the settlement, and then file a declaration with the Court at least fourteen (14) days before the Final Approval Hearing attesting to the completeness and accuracy thereof and attaching a copy of all objections received.

10.     The Court sets a Final Approval Hearing on August 19, 2019, at 10:00 A.M. to consider the fairness, reasonableness, and adequacy of the proposed Settlement and determine whether it should finally be approved by the Court.  At that

time, the Court will hear any applications for attorneys' fees, expenses, and/or service awards.

11.    The Court sets June 3, 2019 as the deadline for filing the final approval motion and the application for the Attorneys' Fee Award.

12.    The Court sets July 5, 2019 as the deadline by which Settlement Class Members must submit any: (i) request for exclusion from the Settlement Class; or (ii) objection to the Settlement or to the Attorneys' Fee Award.  The procedures and requirements for opting out of the Settlement Class or objecting to the Settlement or to the Attorneys' Fee Award are set forth below.

13.    The Court sets July 26, 2019 as the deadline for filing any reply memorandum in further support of final approval of the proposed Settlement or the Attorneys' Fee Award application.

14.    The Court orders that any Settlement Class Member who wishes to exclude him/herself from the Settlement Class may either submit an online Opt-Out Form electronically through the Settlement Website or print and mail the online form to the Settlement Administrator.  Any Settlement Class Member who does not submit a timely written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Lawsuit, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

15.    The Court orders that any Settlement Class Member who becomes an Opt-Out may rejoin the Settlement Class by providing written notice to the Settlement Administrator no later than fourteen (14) days before the Final Approval Hearing.

16.    The Court orders that any Settlement Class Member who does not exclude him/herself from the Settlement Class and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement or to the Attorneys' Fee Award must serve on the Settlement Administrator no later than July 5, 2019 a statement of the objections signed by the Settlement Class Member.  The objection shall contain all of the following information: (i) the objector's full name, address,

email, and mobile telephone number at which he or she was called by Nationstar; (ii) a written statement of all grounds for the objections accompanied by any legal support for such objections; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a written statement as to whether the objector intends to appear at the Final Approval Hearing; (v) a declaration setting forth any other objections submitted by the objector, or the objector's counsel, to any class action settlement submitted in any court, whether state, federal or otherwise, in the United States; and (vi) if the objector intends to appear at the Final Approval Hearing through counsel, the objection must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing.  Any Settlement Class Member who does not submit a timely written objection in accordance with the procedures stated herein shall be foreclosed from seeking any adjudication or review of this settlement by appeal or otherwise.

17.    The Court orders that any Settlement Class Member, who submits a written objection and who intends to make an appearance at the Final Approval Hearing, provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and file with the Clerk of the Court the written objection as well as a notice of intention to appear at the Final Approval Hearing no later than thirty (30) days before the Final Approval Hearing.

18.    The Court orders that any attorney hired by a Settlement Class Member will be at the Settlement Class Member's sole expense for the purpose of objecting to this Settlement or to the Attorneys' Fee Award and such attorney shall provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and file with the Clerk of the Court the written objection by the deadline specified in paragraph 15 above as well as file a notice of intention to appear at the Final Approval Hearing no later than thirty (30) days before the Final Approval Hearing.

19.    The Court orders that (i) the submission of an objection allows Class Counsel or Defendants' Counsel to notice the deposition of the objector consistent

with the Federal Rules of Civil Procedure at an agreed-upon location and to seek any documentary evidence or tangible items that are relevant to the objection; (ii) the failure by an objector to make himself or herself available for deposition or to comply with expedited discovery requests may result in the Court striking the objector's objection and denying that person the opportunity to make an objection or to be heard; and (iii) the Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous and/or made for an improper purpose.  The Court preliminarily enjoins all Settlement Class Members unless and until they have timely excluded themselves from the Settlement Class from: (i) filing, commencing, prosecuting, intervening in, promoting or participating (as class members or otherwise in) as any jurisdiction or  arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action; or (ii) organizing Settlement Class Members who have not been excluded from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action.

**IT IS SO ORDERED.**

Dated:  March 4, 2019

_Christina A. Snyder_

Honorable Christina A. Snyder
United States District Court Judge

PLAINTIFFS' NOTICE OF MOTION FOR CLASS CERTIFICATION