**LAW OFFICES OF TODD M. FRIEDMAN, PC**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (SBN: 280332)
abacon@toddflaw.com
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Telephone: (877) 619-8966
Facsimile: (866) 633-0228

Attorneys for Plaintiffs,

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ZAKLIT AND JESSY ZAKLIT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>Defendant. | **Case No.:** 5:15-CV-02190-CAS-KK<br><br>**JOINT STIPULATION TO DISPERSE CY PRES FUNDS** |

Plaintiffs, ALFRED ZAKLIT and JESSY ZAKLIT, on behalf of themselves and all others similarly situated ("Plaintiffs") and Defendant, NATIONSTAR MORTGAGE LLC ("Defendant") file this Stipulation to approve Cy Pres Recipients for the residue remaining from uncashed settlement checks previously mailed to class members.

The parties hereby stipulate, by and through their attorneys of record, to the following:

1. WHEREAS, this stipulation incorporates by reference the capitalized terms in the parties' Settlement Agreement;

2. WHEREAS, on August 21, 2019, the Honorable Court granted Final Approval of the proposed class action settlement (Dkt. No. 128);

3. WHEREAS, settlement checks were distributed to class members in accord with the terms of the Final Approval Order and Settlement Agreement;

4. WHEREAS, the deadline for class members to cash their settlement checks has now expired;

5. WHEREAS, after distribution of settlement payments to class members and deduction of fees and costs, there remains $15,341.59 left in the settlement fund from uncashed settlement checks;

6. WHEREAS, both parties have agreed that the residual balance of the settlement fund shall be paid 50% to The Electronic Privacy Information Center and 50% to MBA Open Doors in the form of a Cy Pres Award;

# THE COURT SHOULD ISSUE A *CY PRES* DISTRIBUTION FROM THE REMAINDER OF THE SETTLEMENT FUND

The Court retains its traditional equitable powers in determining the method in

which to distribute settlement funds. *Powell v. Georgia-Pacific Corp.*, 843 F. Supp. 491, 495 (W.D. Ark. January 31, 1995); *see also Beecher v. Able*, 575 F.2d 1010, 1016 (2d Cir. 1978); *In re Agent Orange Product Liability Litigation*, 611 F. Supp. 1396, 1402 (E.D. N.Y. 1985). As such, Plaintiffs respectfully request that this Court approve a *cy pres* distribution.

### A. *Cy Pres* Distribution of Uncashed Checks

Consistent with the terms of the approved Settlement Agreement, Plaintiffs and Defendant have now stipulated and requested that the Court approve a *cy pres* distribution of the remaining unclaimed, residual funds to Epic and MBA Open Doors as *cy pres* recipients.

The doctrine of *cy pres* allows a court to distribute unclaimed portions of a class action settlement fund to the "next best" class of beneficiaries. *See Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307–08 (9th Cir. 1990). The Ninth Circuit directs courts to consider the following factors in determining whether awards to the proposed *cy pres* beneficiary, or beneficiaries, are appropriate: (1) the nature of the plaintiffs' lawsuit; (2) the objectives of the underlying statutes; and (3) the interests of the silent class members, including their geographic diversity. *Nachshin v. AOL, LLC* 663 F.3d 1034, 1040 (9th Cir. 2011).

### B. The Electronic Privacy Information Center (EPIC) is an Appropriate *Cy Pres* Recipient

The Court should approve EPIC as an appropriate *cy pres* recipient.

#### 1. Nature of lawsuit

This lawsuit was brought to obtain damages for alleged violations of various consumer protection acts, on behalf of Plaintiffs and a putative class of persons who alleged invasions of privacy in connection with alleged illegal recording of their calls with their mortgage servicer. Providing a *cy pres* award to EPIC to foster protection of consumer privacy interests is in line with the nature of the Plaintiffs' lawsuit, and Plaintiffs' goals in filing it.

## 2. Interest of silent class members

The interests of the silent class members would be advanced through a *cy pres* award to Epic as explained below.

### i. EPIC

One of the main goals of EPIC is to focus public attention on emerging privacy and civil liberties issues and to protect privacy, freedom of expression, and democratic values in the information age. From its website, Epic "pursues a wide range of program activities including policy research, public education, conferences, litigation, publications, and advocacy. EPIC routinely files amicus briefs in federal courts, pursues open government cases, defends consumer privacy, organizes conferences for NGOs, and speaks before Congress and judicial organizations about emerging privacy and civil liberties issues."

Because of the "diverse advocacy" of EPIC, courts across the country have held that Epic was an appropriate *cy pres* recipient from cases that run the gambit of the consumer protection field, including, most prudently, privacy breach cases. Accordingly, the parties believe that a *cy pres* distribution to EPIC will appropriately serve the interests of silent class members, the Plaintiffs, and the goals of the instant lawsuit

### D. MBA OPEN DOORS IS AN APPROPRIATE *CY PRES* RECIPIENT

The Court should approve MBA Open Doors as appropriate *cy pres* recipient.

### 1. Nature of lawsuit

This lawsuit was brought to obtain damages for alleged violations of various consumer protection acts, on behalf of Plaintiffs and a putative class of persons who were allegedly called by their mortgage servicer and recorded without their consent while attempting to collect payment from the consumers.  MBA Open Doors Assists families with critically ill children in making mortgage or rental payments. Providing a *cy pres* award to MBA Open Doors to foster protection of consumers when it comes

to mortgage collections interests is in line with the nature of the Plaintiffs' lawsuit, and Plaintiffs' goals in filing it.

### 2. Interest of silent class members

The interests of the silent class members would be advanced through a *cy pres* award to MBA Open Doors as explained below.

#### ii. *MBA Open Doors*

One of the main goals of MBA Open Doors is to ensure that families with critically ill children have the ability to make their mortgage or rental payments.

MBA Open Doors, on its website, indicates "The MBA Opens Doors Foundation is dedicated to providing the comforts of home to families in crisis. Through our home grant program, we provide mortgage and rental payment assistance grants to parents and guardians caring for a critically ill or injured child, allowing them to take unpaid leave from work and spend precious time together without jeopardizing their cherished homes." Accordingly, the parties believe that a *cy pres* distribution to MBA Open Doors will appropriately serve the interests of silent class members, the Plaintiffs, and the goals of the instant lawsuit.

THEREFORE, IT IS HEREBY STIPULATED by and between the Parties, through their respective counsel of record, subject to the Court's approval, that:

1. EPIQ Systems, the Class Action Administrator in this matter, shall pay the remaining balance of the settlement fund of $15,341.59 as follows: 50% to The Electronic Privacy Information Center and 50% to MBA Open Doors, within thirty days.

**IT IS SO STIPULATED.**

Dated: January 29, 2021

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Adrian R. Bacon
Todd M. Friedman
Adrian R. Bacon

Attorneys for Plaintiffs

Dated: January 29, 2021

SEVERSON & WERSON, P.C.

By: /s/ Erik Kemp
John B. Sullivan
Erik Kemp
Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

# CERTIFICATE OF SERVICE

Filed electronically on this 29th day of January, 2020, with:

United States District Court CM/ECF system
Notification sent electronically on this 29th day of January, 2020, to:

Honorable Christina A. Snyder
United States District Court
Central District of California

John B. Sullivan
Erik Kemp
Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

<u>s/Adrian R. Bacon</u>
Adrian R. Bacon